The Chancellor.
The defendant is the owner of a dwelling house on the main street in Princeton, standing hack from the line of the street thirty-six feet. In the year 1846, the complainant purchased a lot, bounding the defendant’s on the -west, for the purpose of erecting a dwelling house thereon for his family residence. In 1847, he erected his dwelling, and placed its front on a line with the front of the defendant’s house, thirty-six feet back from the line of the street.
Lately the defendant commenced erecting a building in front of his own dwelling, and connecting with it, with its front on the line of the street. The complainant filed his bill, alleging that, previous to erecting his house, he and the defendant entered into an agreement, by which it was agreed, on the part of the complainant, that he would erect his house on a line with the defendant’s house, and thirty-nine feet from the line of the street, and that the defendant, on his part, agreed that he would leave the space between his house and the street open, and would *240 erect no building thereon; that the agreement was not reduced to writing, but that, in fulfilment and performance of the said agreement on his part, he, the complainant, did erect his dwelling house under and upon the terms of the agreement. He prayed for an injunction against the defendant’s erecting his house on the street in violation of the said agreement, which injunction was granted by the master. The defendant answered the bill, and on his motiou the injunction was dissolved. Proofs on both sides have been taken, and the cause has been heard on its merits.
The complainant seeks to enforce the specific performance of a parol agreement, on the ground of a performance of the agreement on his part. He alleges the agreement to have been, that he was to erect his building on a line of the defendant’s, and thirty-six feet from the line of the street: and having built his house in conformity with the agreement, he now insists upon his right to have the defendant restrained from doing what he agreed not to do — from erecting a building on the open space in front of his house.
It is not always the case that, on account of a part performance of one party, the court will feel authorized to exercise its jurisdiction in compelling the other party to a specific performance of a parol agreement. A party may perform the whole of the agreement on his part by the payment of the purchase money, and yet the weight of authority would seem to be, that this will not entitle' him to a decree of the court for specific performance. Indeed, Mr. Justice Story considers this as settled by authority. 2 Story’s Eq. Jur. § 760, and notes.
A decree is not matter of right in either party. It is a matter of discretion in the court, governed by general rules and principles. As a general rule, the agreement must be binding on both parties; and where it is a mere parol agreement, which one party seeks to make binding and to enforce against the other party, on the ground of part *241 performance, the performance must be of such a character as will make the agreement reciprocal, and the right to enforce it mutual. If the defendant had agreed with the complainant not to erect a building on the front of his lot, such an agreement this court would not enforce against the defendant. The reciprocity is this — that the complainant was to have the benefit of the open ground on the front of the defendant’s lot, and the defendant the like benefit of the complainant’s lot. The difficulty in this case is, that the performance alleged by the complainant does not make the agreement mutual. It leaves the remedy entirely in the hands of the complainant, and, in this respect, places the defendant at his mercy. It is not a performance which is necessarily consequent upon any act of the other party. A. and B. agree together for the sale and purchase of a lot of land. B. takes possession under the agreement, and builds a house upon it. The remedy is mutual. A. is entitled to a specific performance, because the agreement has been partially performed by the mutual act of both parties. B. is entitled to the same remedy — the same act of part performance , has made the remedy mutual. Taking possession is the act of one party, and the consent of the other is his act under the agreement, which makes the agreement binding; for without his consent, the part performance never could have taken place. But such is not the case with the act which the complainant relies upon to entitle him to his remedy. The performance is not of a character to make the remedy mutual. The performance, that is the erection of the house where it is, was not with the consent of the defendant. No such consent was required. The lot belonged to the complainant, and he had a right to build where he pleased. Suppose the. complainant had commenced building on the front of his lot, the defendant could have had no remedy upon this, alleged agreement. He could not have relied upon the fact, that the complainant had erected his house on the specified line, as a part *242 performance, which would entitle him to the benefit of the agreement. The complainant would have replied, that he had built on his own land, where he had a right to build without the defendant’s consent, and that his building there did not prejudice the defendant, and that he had received no consideration from the defendant for the right which he claimed of preventing the complainant’s using his own lot as he pleased. It is evident that the agreement resting entirely on parol, this act, upon which the complainant relies as part performance, was of a character which was entirely within the control of the complainant to consider as an act done under the agreement, or not, just as his own future interest or pleasure might dictate. Such an act the court ought not to consider such a part performance as would attach itself to, and make part of the agreement. The court could not regard the act as a part performance against the complainant ; and it is not equitable that the defendant should be placed in such a position by it, as to leave the agreement binding or nugatory at the pleasure of the other party. There is no hardship in the court’s refusing its aid to the complainant. An agreement, such as is here alleged, should have been reduced to writing. There is no reason given why it was not.
But, if I am wrong in this position, the complainant is not entitled to a decree, because, I think, he has entirely failed to prove the alleged agreement. The defendant denies, in his answer, ever having made any such agreement, or any agreement, with the complainant. It was incumbent on the complainant to prove the agreement with certainty, so as to leave nothing to conjecture as to any material part of it. There was no person present at the time the, alleged agreement is stated to have been made, and no witness testifies to ever having heard any conversation between the parties respecting it. All the evidence, as to what the complainant said to his faimily and others respecting it, is inadmissible, .and must be *243 considered as out of the case. The other evidence upon which reliance is placed falls short of proving any agreement. It consists of declarations made to third persons, which amount to nothing, if impartially considered. It is difficult to be credited, that the defendant, after putting in the answer he has, should have intended a construction to be put upon his conduct and declaration such as some of the witnesses have represented. They will all bear a different construction from that of being an admission of the agreement; and there is nothing in the case to justify the court in putting the most unfavorable construction upon everything that the defendant has said or done.
Take the testimony of Westley H. Case, upon whose evidence the complainant mainly relies, and which is certainly quite as strong as that of any other witness in the cause. Much testimony had been taken respecting the exact time when the defendant cut a certain door in his house. The wfitness says — “ I think I asked John (the defendant) whether this door was cut in before he had made the bargain with Mr. Smith, or after. I think he said before; but, says he, there was no bargain. I think my brother was standing by, and said, then you do acknowledge there was a bargain. I think John said that there was no bargain.” It was seriously contended that this was an admission of the agreement. He is asked whether the door was cut in before or after the agreement? It was the time when the door was cut in which was the material subject of inquiry. There had been a time specified when the alleged agreement was made. The defendant’s attention being directed to that time, and not to the point whether in fact such an agreement ever was made, instead of stopping first to deny the agreement, and then in guarded language to declare it was before the time when it is alleged the agreement was made, laconically replied — “it was before,” and then immediately denied there was any bargain.
Hut I cannot think it necessary for the satisfaction of *244 any one that I should further review or criticise the evidence. I have referred to the testimony of one witness, to show its general character, from respect to the counsel, who very earnestly urged upon the court its sufficiency to establish an agreement. Suppose there can be found enough in all the testimony to show that the defendant admitted an agreement, that admission, alone, can be of no service to the complainant. He must prove the whole agreement. It is quite as material and necessary, before the court can act in the premises, that the terms of the agreement should be established, as that the fact merely of an agreement having been made should be proved. There is no witness who intimates that he ever heard McVeigh state the terms of an agreement, or that they ever heard them mentioned or referred to in his presence. There is not the slightest proof of the terms of any agreement.
The proof utterly fails, and the bill must be dismissed with costs.